UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ROGERS,

                         Plaintiff,

            -against-                                    25-CV-1773 (LLS)

WHITE HOUSE; FBI; NY COURTS; PIERS                       ORDER OF DISMISSAL
MCMAHON; TIBERIUS FRAY,

                         Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his

rights. He sues the White House, the Federal Bureau of Investigation ("FBI"), "NY Courts,"

Piers McMahon, and Tiberius Fray. By order dated March 10, 2025, the court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

        The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is

'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is

based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff brings this action against the White House; the FBI; Tiberius Fray, who is a

character from the Harry Potter book series; and Piers McMahon, whom Plaintiff describes as a

federal prosecutor in Brooklyn, New York. He checks the box on the complaint form to involve

the court's federal question jurisdiction, and, in response to the question on the form asking

which of his federal constitutional or federal statutory rights were violated, he writes, "Privacy

harassment, ID theft[,] Assault." (ECF 1, at 2.)[1] Plaintiff states that the events giving rise to his

claims occurred "[e]verywhere" between 2019 and the present. (*Id.* at 5.) He alleges,

> Two former federal worker are using their job to terrorize my life. Hack my
> [illegible] compromise my medical profile, threats, harrasment, terroristic threats
> and more. I don't know what this is called but everything I purchase they get the
> exact same item and destroy it by [illegible] and following me with it. Down to
> the food I prepare. They wont allow me too move by lying and stealing my

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless otherwise indicated.

finances [illegible] my dental visit the call [illegible] and told [illegible] my lies to prevent me from receiving health care. Social medica accounts the use to meet guy and refuse to stop contacting my emails.

My education + student loans they won't stop interfe[ring] with my life[.]

[W]ant to my family with this fake relationship schemed them out of their SSI checks and blamed me for this. They have over 60 people SSI checks going into their accounts.

(*Id.* at 5-6.)

For relief, Plaintiff asks the Court to "make this men stop." (*Id.* at 6.)

## DISCUSSION

### A.    Plaintiff's claims are frivolous

Even when the Court construes Plaintiff's pleadings with the "special solicitude" due to pro se pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. "Plaintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide any plausible factual support for his claims that Defendants – who include the White House and Tiberius Fray, who is a character from the Harry Potter book series – harassed or committed other misconduct against Plaintiff, his claims rise to the level of the irrational and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court

3

did not err in sua sponte dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## B.    Litigation history and warning

"[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). In 2024 and 2025, Plaintiff filed at least eleven *pro se* cases in this district. *See Rogers v. Target Corp.*, ECF 1:24-CV-7883, 5 (LTS) (S.D.N.Y. Mar. 5, 2025) (listing cases filed as of that date); *see also Rogers v. Price*, No. 25-CV-1972 (LTS) (S.D.N.Y. filed Mar. 6, 2025). Of the cases that have been adjudicated, three have been transferred to other jurisdictions, three were dismissed for lack of subject matter jurisdiction, and one was dismissed for failure to state a claim. ECF 1:24-CV-7883, 5. In light of this litigation history, the Court finds that Plaintiff knew or should have known that of the deficiencies in this complaint when he filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where litigant may be charged with knowledge of particular legal requirements); *Roberts v. United States*, ECF 1:24-CV-1512, 4 (LTS), 2024 WL 3606708, at *1 (S.D.N.Y. July 29, 2024) (instructing frequent *pro se* litigant that "before filing any lawsuit, she must make a

4

good faith investigation into whether she has a nonfrivolous legal claim," and that "[r]epetitive filing of frivolous litigation in this Court could result in an order barring [her] from filing new actions IFP under 28 U.S.C. § 1651").

Plaintiff is warned that if he continues to abuse the privilege of proceeding IFP, the Court may order him to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing complaints IFP in this court without its prior permission.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:     June 9, 2025
           New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.